IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. CR 99-235 BB

KATIE SUE CAPLE,
SCOTT HIGGINS, and
RONALD L. JINKS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Defendant Higgins' *Joint Motion for a New Trial* [Doc. 122]. Having considered the briefs of counsel, the Court FINDS the motion is not well supported and it will be **DENIED**.

## Discussion

The motion for a new trial is filed by counsel for Scott Higgins, apparently on behalf of all Defendants, on the ground that the Court refused to allow hearsay testimony as to what Harry Sappington told defense counsel regarding the reason for Defendants' presence on Sappington's property at 01 Calle del Poniente on the day of the arrests.

Two investigators and defense counsel for Higgins interviewed Sappington in April 1999. The interview was tape recorded and transcribed by Defendant. Higgins' investigator took notes of his interview of Sappington, and readily recalled the statements of Sappington. Higgins sought to introduce the testimony of the investigator who participated in the interview under Rule 804(b)(3) of the Federal Rules of Evidence and under the residual hearsay exception (now Rule 807). The Court ruled the testimony of the investigator was inadmissible since Sappington's testimony consisted of an *ex parte* pretrial interview by counsel for Higgins, and therefore was not reliable. Nor was the notice requirement of the residual hearsay rule met.

1. **Motion for New Trial**

"On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed. R. Crim. P. 33. A motion for a new trial is not regarded with favor and should be granted only with great caution. *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir.), *cert. denied*, 119 S. Ct. 243 (1998). The exclusion of the unreliable hearsay testimony of Harry Sappington, tendered without timely notice, does not meet this standard.

2. **Hearsay**

Sappington's pretrial taped interview by Higgins' counsel was clearly "a statement, other than one made by declarant while testifying at the trial." Fed. R. Evid. 801(c). Moreover, it was tendered to prove Sappington had hired Higgins to clean up a preexisting methamphetamine laboratory and thus "offered in evidence to prove the truth of the matter asserted," *id.*, and corroborate Defendant's testimony that they were merely trying to clean up the meth lab at Sappington's behest. The transcript of Sappington's pretrial interrogation by defense counsel is thus hearsay and presumptively excludable. Fed. R. Evid. 802. *Cf. Williamson v. United States*, 512 U.S. 594, 598 (1994) (out of court statements generally lack safeguards).

3. **Statement Against Interest**

Federal Rule of Evidence 803(b)(3) allows the admission of hearsay which is against the pecuniary or penal interest. Nothing in the Sappington interview meets that test. In response to defense counsel's leading questions, it was basically Sappington's position that he wanted to make an insurance claim for the damage caused by a previous use of the premises as a meth lab, then use the proceeds to fix the premises, eventually for sale. Nothing in that statement would lead to either civil or criminal

3

liability for Sappington and thus Federal Rule of Evidence 804(b)(3) does not apply. *See United States v. McVeigh*, 940 F. Supp. 1541, 1567-71 (D. Colo. 1996).

    4. **<u>Purpose of the Rules and the Interests of Justice</u>**

Federal Rule of Evidence 807, which now embodies the residual hearsay exception relied on by Defendants, requires that before evidence be admitted it be "more probative ... than other evidence" and that "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." Fed R. Evid. 807(B) and (C). It is initially doubtful that Sappington's testimony would have been more probative than that of Defendants since other testimony linked Sappington to drug dealing and a "crack house" as well as the methamphetamine lab at 01 Calle del Poniente. Moreover, at trial the Government did not dispute that Defendants were on Sappington's property with his knowledge and even consent.

Nor can it be said the purposes of the Rules of Evidence or "the interests of justice" would be served by the admission of such testimony. *Marsee v. United States Tobacco Co.*, 866 F.2d 319 (10th Cir. 1989). As the Assistant United States Attorney correctly notes, admission of defense counsel's interview of Sappington would have deprived the Government of the opportunity to cross examine a witness whose

4

creditability was, at the least, subject to serious challenge. *See United States v. Console*, 13 F.3d 641, 657-58 (3d Cir. 1993), *cert. denied*, 511 U.S. 1076 (1994) (hearsay "is inherently untrustworthy: the declarant may not have been under oath at the time of the statement, his or her creditability cannot be evaluated by trial, and he or she cannot be cross-examined"). This problem was exacerbated by the fact that the hearsay statement was an extremely leading *ex parte* defense counsel examination of Sappington. *See New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 640 (10th Cir. 1989).

5. **Lack of Notice**

Finally, Federal Rule of Evidence 807 provides "a statement may not be admitted under this exception unless the proponent of it makes it known to the adverse party sufficiently in advance of trial." *See also United States v. Zamora*, 784 F.2d 1025, 1031 (10th Cir. 1986). It is undisputed no such notice was given here; however, Defendants argue there was no prejudice to the Government since Government agents talked to Sappington during the trial. Rather than suggesting the Government secreted Sappington, this would seem to cast doubt on the comprehensive nature of the defense "search" for him. In any event, the unreliable nature of Sappington's hearsay statement is merely augmented by the lack of notice as a ground for exclusion. *United States v.*

*Schardar*, 850 F.2d 1457, 1462 (11th Cir.), *cert. denied*, 488 U.S. 932 (1988) (unreliable hearsay excluded for lack of notice).

**O R D E R**

Defendants have failed to sustain the "hearsay burden" required for a new trial under Federal Rule of Criminal Procedure 33. *United States v. Trujillo*, 136 F.3d 1388, 1395 (10th Cir.), *cert. denied*, 119 S. Ct. 87 (1998). For the above stated reasons, the Defendants' *Joint Motion for a New Trial* is **DENIED**.

Dated at Albuquerque this 5th day of November, 1999.

_____
**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiff:

Neil J. Gallagher, Jr., Special Assistant U.S. Attorney, Albuquerque, NM

Counsel for Defendant Higgins:

Angela Arellanes, Albuquerque, NM