# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. CR 99-235 BB

KATIE SUE CAPLE,
SCOTT HIGGINS, and
RONALD L. JINKS,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING RECONSIDERATION

THIS MATTER is before the Court on Defendants' motions to reconsider, and the Court having entertained repeated oral and written argument and considered all of the affidavits and evidence submitted by Defendants, remains unconvinced Harry Sappington's testimony could have altered the outcome of Defendants' trial, and the motion must be DENIED.

## Discussion

This Court cannot recall a case where the guilt of Defendants was as clear and convincing as that at bar. The factual circumstances in which Defendants Caple and Ortiz were found, in the midst of an operating methamphetamine laboratory, were

clearly incriminating. A handwritten recipe for methamphetamine and a handgun at the site was also obviously identified with Defendants. Defendant Caple's possession of false identification and her later feeble attempt to disguise her handwriting removed any remaining doubt. The arrival of Defendants Higgins and Jinks at this scene with large jars of methamphetamine oil in the backseat of their car was even more incriminating.

Defendants' story that they were merely trying to clean this toxic site was totally unbelievable and contradicted by the presence of Defendant Higgins' coolers containing methamphetamine and his guitar microphones at the scene. Nor does it seem likely Defendant Caple would have taken her beloved dog to such a place to be exposed to toxic chemicals. Finally, the purchase of large quantities of iodine by Defendant Jinks on two occasions shortly before their arrest was also directly contradictory of Defendants' "cleaning up" defense.

Defense counsel could not produce Harry Sappington, the owner of the toxic property to testify at trial even though their investigator testified he checked the "crack house" where Defendant Higgins indicated Sappington could most likely be found. Defendants argue that Sappington was the owner of the property where they were found and Sappington had direct contact with Defendant Higgins. They now produce an affidavit from Sappington who says:

2

> I owned the house on Calle de Poiente in January 1999. I was aware that Scott Higgins was going to be at the cabin for a while to get the place cleaned up. I asked him to give me an estimate of the damage for my insurance company and verbally agreed to give him the job of cleaning up the property and fixing the house upon approval of the insurance company. I knew there was a lot to clean up at the cabin.[1]

While this does support Defendant Higgins story of how Defendants got to Sappington's property, it does nothing to explain why methamphetamine was actively being "cooked" in Defendant's presence. Nor does it explain the iodine purchases, the gun, the recipe or the false identification. In short, Defendant's testimony was incredible and Sappington's equivocal testimony about the purpose of Higgins presence could have been of but marginal relevance.

### **O R D E R**

Defendants' motions for reconsideration of the motion for new trial is **DENIED**.

Dated at Albuquerque this 26th day of May, 2000.

                                                         **BRUCE D. BLACK**
                                                       United States District Judge

---

[1] While this statement differs somewhat from the Sappington statement Defendants' offered at trial, and indeed from Higgins' testimony, the particulars are irrelevant.

Counsel for Government:

    Neil Gallagher, Special Assistant U.S. Attorney, Albuquerque, NM

Counsel for Defendants:

    Katie Sue Caple:  Cliff McIntyre, Albuquerque, NM

    Scott Higgins:  Ray R. Twohig, Jr., Albuquerque, NM

    Ronald L. Jinks:  Charles N. Fisher, Albuquerque, NM